Griffin vs. Kentucky Insurance Company.

CASE 35—PETITION EQUITY—JUNE 24.

# Griffin vs. Kentucky Insurance Company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. The statute of February 14, 1856 (2 *Stanton*, 121), reserving power to amend or repeal charters and other laws, in its prospective operation is constitutional, and therefore a law of this State; and, unless a contrary intent be therein plainly expressed, this general reservation of power applies like a special reservation in the charter itself. (*Angell & Ames on Corporations; Snyder vs. Moore*, 8 *Barber's N. Y. Rep.*, 358; *Reed vs. Frankfort Bank*, 23 *Maine Rep.*, 318; *Fry's ex'rs vs. Lexington and Big Sandy R. R. Co.*, 2 *Met.*, 314.)

2. The act of March 9, 1868, repealing the act of March 4, 1865, incorporating "The Kentucky Insurance Company," is constitutional.

3. The proviso of section 1, act of February 14, 1856 (2 *Stanton*, 121), that "no amendment or repeal shall impair other rights previously vested," was intended to secure the rights of beneficiaries and others vested under the charter before its amendment or repeal, and does not affect the mere power to repeal the franchise.

S. S. BUSH,                                              For Appellant,

CITED—

*Act of March* 4, 1865, *incorporating Ky. Ins. Co.*

*Angell & Ames on Corporations*, 6th ed., p. 881.

8 *Barb. N. Y.*, 358; *Suydam vs. Moore.*

23 *Maine*, 318; *Read vs. Frankfort Bank.*

2 *Met.*, 321; *Fry's ex'r vs. Lexington and Big Sandy R. R. Co.*

2 *Met.*, 598; *Gregory's ex'r vs. Trustees of Shelby College.*

4 *Wheaton*, 629; *Dartmouth College vs. Woodward.*

1 *Paige's N. Y. Ch'y*, 108–9; *McLean vs. Pennington.*

1 *Morris's Iowa Rep.*, 482; *Miners' Bank Dubuque vs. United States.*

Griffin vs. Kentucky Insurance Company.

2 *Mass. R.*, 146 ; *Wilcox vs. Stetson.*

2 *Kent's Com.*, 306–7.

15 *B. M.*, 340 ; *Sage vs. Dillard.*

26 *Penn. R.*, 287 ; *Erie & N. E. R. R. vs. Casey.*

7 *Conn. R.*, 53 ; *Enfield Toll-bridge Co. vs. Connecticut River Co.*

2 *Met.*, 169 ; *Louisville and Oldham Turnpike Road Co. vs. Ballard, &c.*

*Act of February* 14, 1856.

*Revised Statutes, sec.* 15, *chap.* 21.

BRAMLETTE & SON and
JOHN M. HARLAN,                                    For Appellee,

CITED—

*Act of March* 4, 1865, *Session Acts*, 217.

*Revised Statutes*, 2 *Stanton*, 121, 266 ; 1 *Ib.*, 278.

*Myers' Sup.*, 120, 201.

4 *Wheaton*, 318 ; *Dartmouth College vs. Woodward.*

2 *Kent's Com.*, 306, *s. p.* 307.

5 *B. Mon.*, 569–70 ; *Lewis vs. Harbin.*

4 *Met.*, 294 ; *Berry & Johnson vs. Ransdall.*

*New Constitution of Kentucky, art.* 13, *sec.* 20.

15 *B. Mon.*, 340 ; *Sage vs. Dillard.*

9 *Cranch*, 52 ; *Terret vs. Taylor.*

12 *B. Mon.*, 150 ; *Covington and Lexington R. R. Co. vs. Kenton County.*

15 *B. Mon.*, 675 ; *Louisville vs. Louisville University.*

2 *Met.*, 321 ; 2 *Met.*, 168–9.

1 *Sumner*, 276 ; *Allen vs. McKeen.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

A legislative enactment of March the 4th, 1865, incorporated "The Kentucky Insurance Company," without expressly reserving in the charter, power to repeal it ;

VOL. III—38

nevertheless, an act of the 9th of March, 1868, repealed the charter; and the only question for our consideration on this appeal· is, whether the repealing act is constitutional.

The charter was certainly a contract with a legal obligation which could not be constitutionally impaired by ordinary legislation. But what is its obligation? Had the charter itself reserved the power to repeal it, that reservation would have been a part of the contract, and have moulded its obligation accordingly; and such qualified obligation would not have been impaired by an exercise of the power.

But, although there was no such reservation, yet a statute of February 14th, 1856 (*chap.* 62, *p.* 121, *of Stanton's revision*), *applying to charters to be granted thereafter*, provides: "*That all charters and grants of or to corporations, or amendments thereof, and all other statutes, shall be subject to amendment or repeal at the will of the Legislature, unless a contrary intent be therein plainly expressed: Provided*, That, whilst privileges and franchises so granted may be changed or repealed, no amendment or repeal shall impair other rights previously vested."

The proviso was intended to secure the rights of beneficiaries and others, vested under the charter before its amendment or repeal, and does not affect the mere power to repeal the franchise.

That statute, in its prospective operation, is constitutional, and, therefore, a law of the State; and, as it has never been repealed, it applies to the charter of "*The Kentucky Insurance Company,*" unless, as argued, the non-reservation in the charter itself of power to amend or repeal it implied a repeal, as to it, of the general statute. But there being nothing in the language of the charter importing any such intention, if the mere pre-

termission of special reservation of the power to amend or repeal should be construed as a negation of the power, the statute of 1856 would be superfluous and inoperative; because, in relation to charters reserving the power, there was no necessity for that enactment, which, therefore, was intended to operate only on charters which do not reserve the power already reserved by statute.

Then, was this general reservation of power, like a special reservation in the charter itself, a part of the contract; or was the contract made subject to it, and the obligation defined or modified by it? We think so. And, whatever might be thought of the policy of such legislation, or of the policy or justice of the repealing statute, over which the judiciary has no jurisdiction, our conclusion, as to the mere power of repeal, is, as we think, sustained by reason and abundant authority.

All contracts, except such as are municipal, are made subject to the law, and their obligation is defined by the *lex loci contractus.* Why should the contract in this case be excepted? Such exception would be unreasonable; and the authorities fortify the reason.

*Angell & Ames,* referring to *Kent's Commentaries,* and several adjudged cases, say on this subject: " It has become usual for Legislatures, in acts of incorporation for private persons, to reserve to themselves a power to alter, modify, or repeal the charter at their pleasure; and, as the power of modification and repeal is thus made a qualifying part of the grant of franchises, the exercise of that power cannot, of course, impair the obligation of the grant. Sometimes this power is reserved by a general act applicable to all corporations, in which case it may be exercised upon any corporation, as a railroad company, whose charter had been granted since the passage of the general act, although no special

clause containing or alluding to such reserved power be inserted in the company's charter." (*Suydam vs. Moore*, 8*th Barber's New York Reports*, 358; *Read vs. Frankfort Bank*, 23*d Maine R.*, 318; *Fry's ex'r vs. Lexington and Big Sandy Railroad Co.*, 2*d Metcalfe*, 314; *and other adjudged cases, as well as principle and analogy, support that text.*)

We cannot resist the conclusion, that, just or unjust, reasonable or unreasonable, the repealing act did not impair the obligation of the contract of incorporation in this case.

Wherefore, the chancellor having adjudged otherwise, the judgment is reversed, and the cause remanded for further proceedings, for the purpose of settling the affairs of the company, and distributing its assets as sought by the appellant, according to provisions of the repealing act.