## Case No. 11,138.

PIEK et al. v. CHICAGO & N. W. RY. CO. et al.

[6 Biss. 177;[1] 6 Chi. Leg. News, 333.]

Circuit Court, W. D. Wisconsin. July, 1874.[2]

JURISDICTION — ALTERING WISCONSIN RAILROAD CHARTERS—RIGHTS OF CREDITORS—CONGRESSIONAL GRANTS OF LAND.

1. The United States circuit court has jurisdiction of a bill by non-resident creditors to restrain the railroad commissioners from actions injurious to their rights. It is not necessary to wait until the commissioners have taken positive action.

[Cited in Chicago & N. W. Ry. Co. v. Dey, 35 Fed. 871.]

2. Acts of March 12, 1874, do not repeal the act of March 11, 1874 [Laws 1874, p. 559].

3. The provision of the Wisconsin constitution, that railroad charters "may be altered or repealed by the legislature at any time after their passage" underlies all the grants of rights and franchises to the Northwestern Railway Company, and all its stock and securities were taken and are held subject to this paramount condition, of which in law all holders had notice.

4. The corporation cannot clothe its creditors with greater rights, as against the state, than it possesses itself; and this principle is not changed by authority from the legislature to consolidate with other roads.

5. The Wisconsin legislature has the power to regulate railroad charges for transit of persons and property within the state, and the fact that the exercise of such power might affect the value of the railroad's property and franchises cannot touch the question of the power.

6. Congressional grants of land to the state cannot change the rights of the corporation or its creditors.

This was a bill in equity by William Frederick Piek, of the kingdom of Holland, and an alien, Henry R. Pierson and Moses Taylor, citizens of the state of New York, holders of certain bonds issued or guaranticd by the Chicago & Northwestern Railway Company, filed on behalf of themselves and others similarly situated, and also by the Farmers' Loan and Trust Co., and the Union Trust Co., corporations organized under the laws of New York, and citizens of that state, being severally trustees under mortgages executed by said railway company to secure the aforesaid bonds, against the said Chicago & Northwestern Railway Company, George H. Paul, Joseph H. Osborne and John N. Hoyt, citizens of the state of Wisconsin, and railroad commissioners of that state, and also against A. Scott Sloan, a resident of and the attorney-general of said state. The bill was filed to restrain the said railway company from submitting to or accepting, and to prevent the other defendants from enforcing, the provisions of an act of the legislature of the state of Wisconsin, passed March 11, 1874, entitled "An act in relation to railroad, express and telegraph companies, in the state of Wisconsin" [Laws Wis. 1874, p. 559], upon the ground that the act impaired the obligation of the contracts entered into by said railroad company with said bondholders and trustees, and was therefore unconstitutional and void. The defendant corporation was created by the consolidation of several railroad companies organized under the laws of Illinois and Wisconsin respectively, the new corporation being confirmed by the act of the legislature of Wisconsin, approved March 8, 1862. By Act Cong. June 3, 1856 [11 Stat. 20], there was granted to the state of Wisconsin certain alternate sections of land within the state for the purpose of aiding in the construction of railroads. The state accepted the lands, and on the 11th of October, 1856, passed an act professedly in execution of the trust created by this act of congress, and incorporating the Wisconsin and Superior Railroad Company, and granting a portion of said lands thereto. This corporation was finally merged into the Chicago & Northwestern Railway Company. The act complained of in the bill, is that of the legislature of Wisconsin, approved March 11, 1874, applicable to all the roads within the state, owned, operated, managed or leased by the Chicago & Northwestern Railway Company, limiting the compensation to be paid for the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in 94 U. S. 164.]

carriage of passengers and freight to the sums in the act mentioned, prohibiting under heavy penalties any demand or receipt of compensation beyond the rates so fixed, and providing for the appointment of three persons as railroad commissioners, who should neither be in the employment of any railroad, nor in any manner interested in railroads, who should at all times have access to the books and papers of railroad companies throughout the state, and authorizing them in their discretion to reduce such rates of compensation below those prescribed by the act whenever in their judgment, or in the judgment of a majority of them, it could be done without injury to the railroad company, and also providing that such companies should be bound by the decision of such railroad commissioners, or a majority of them, with reference to such rates, and should observe their requirements in that respect, under heavy penalties. Under this act the defendants, Paul, Osborne and Hoyt, had been appointed the railroad commissioners for the state, had entered upon the duties of their office, prepared a schedule of rates for transportation of freight and passengers, and were preparing to enforce the observance thereof, while the defendant Sloan, as attorney-general was preparing to prosecute the company for the penalties prescribed for the violation of the act, the company having made no change in their rates on account of the act.

The question came up on a motion for a temporary injunction on the bill and affidavits filed, and was elaborately argued.

C. B. Lawrence, B. C. Cook, and E. W. Stoughton, for complainants.

A. Scott Sloan, J. C. Sloan, and L. S. Dixon, for defendants.

Before DAVIS, Circuit Justice, DRUMMOND, Circuit Judge, and HOPKINS, District Judge.

DRUMMOND, Circuit Judge. We have not had time to prepare any formal opinion in the case, but as it was thought desirable that there should be a decision upon the motion for an injunction, I am instructed by the court to present the following as its conclusions upon the points made for a preliminary injunction:

1. On the assumption that the act of March 11, 1874, "relating to railroads, express and telegraph companies in the state of Wisconsin," is invalid, we think the court has jurisdiction of the case. The bill is filed on behalf of citizens of Europe, and of other states, to enforce equitable rights, and to prevent action by the railroad commissioners which may result, as is alleged, in serious injury to those rights. It was not necessary to wait until the commissioners had put the law in full operation, and its effects upon the railroad company had become complete, before the application against them was made to a court of equity. A very important function of that court is to prevent threatened wrong to the rights of property.

2. We are of opinion that the act of the 11th of March, mentioned above, was not repealed by the act of the 12th of March, 1874, the second section of which declares "all existing corporations within this state shall have and possess all the powers and privileges contained * * in their respective charters;" and the act also of the 12th of March, 1874, the ninth section of which imposes a penalty for extortionate charges. There are apparent inconsistencies between these two last named acts and that of the 11th of March; but it becomes a question of intendment on the part of the legislature. On the same day, March 12, a joint resolution was passed directing the secretary of state not to publish the act of the 11th of March until the 28th of April. In this state no general law is in force until after publication. We may consider the joint resolution, in order to determine whether the ambiguous legislature intended that the two acts passed on the same day should repeal the act of the 11th of March, and from that it is manifest such was not the intention of the legislature. Of the three acts, that of the 11th of March took effect last.

3. The charters of railroad corporations under the constitution of Wisconsin "may be altered or repealed by the legislature at any time after their passage." In legal effect, therefore, there was incorporated in all the numerous grants under which the Northwestern Railway Company now claims its rights of franchise and property in this state, the foregoing condition contained in the constitution. It became by operation of law, a part of every contract or mortgage made by the company, or by any of its numerous predecessors, under which it claims. The share and bond holders took their stock or their securities subject to this paramount condition, and of which they, in law, had notice. If the corporation, by making a contract or deed of trust on its property, could clothe its creditors with an absolute, unchangeable right, it would enable the corporation, by its own act, to abrogate one of the provisions of the fundamental law of the state.

4. This principle is not changed because authority is given by the legislature of the state to a corporation to consolidate with a corporation of another state. The corporation of this state is still subject to the constitution of Wisconsin, and there is no power anywhere to remove it beyond the reach of its authority.

5. As to the rates for the transit of persons and property exclusively within the limits of this state, the legislature had the right to alter the terms of the charter of the Northwestern Railway Company, and the fact that such alteration might affect the value of its property or franchises cannot touch the

question of power in the legislature. The repeal of its franchises would have seriously impaired the value of its tangible property; and while the latter, as such, could not be taken, still its essential value for mere use on the railroad would be gone.

6. The fact that grants of land were made by congress to the state cannot change the rights of the corporation or of the creditors. If the state has not performed the trust it must answer to the United States.

7. The act of the 11th of March, 1874, while not interfering with the rates of freight on property transported entirely through the state to and from other states, includes within its terms property and persons transported on railroads from other states into Wisconsin, and from Wisconsin into other states. This act either establishes or authorises the railroad commissioners to establish fixed rates of freight and fare on such persons and property. The case of State Freight Tax, in 15 Wall. [82 U. S.] 232, decides that this last-described traffic constitutes "commerce between the several states," and that the regulation thereof belongs exclusively to congress. It becomes, therefore, a very grave question whether it is competent for the state arbitrarily to fix certain rates for the transportation of persons and property of this inter-state commerce, as the right to reduce rates implies also the right to raise them. There may be serious doubts whether this can be done. This point was not fully argued, and scarcely at all by the counsel of the defendants; and under the circumstances, we do not at present feel warranted, on this ground alone, to order the issue of an injunction. If desired by the plaintiffs, it may be further considered at a future time, either on demurrer to the bill or in such other form as may fairly present the question for our consideration.

The motion for an injunction is overruled.

[On appeal to the supreme court the decree of this court was affirmed. 94 U. S. 164.]

NOTE. An act in 1856 reserving power to amend or repeal future charters and other laws is constitutional, and does not affect the mere power to repeal the franchise, notwithstanding the clause that "no amendment or repeal shall impair other rights previously vested." Therefore an act of 1868, repealing one incorporating a company in 1865, is constitutional, notwithstanding the act of 1865 reserved no repealing power in itself. Griffin v. Kentucky Ins. Co., 3 Bush, 592. The exercise of a reservation by the state of the power to repeal, alter or amend acts of incorporation, does not impair the contract of which it forms a part. Com. v. Fayette Co. R. Co., 55 Pa. St. 452.

The constitution of Wisconsin contains the following clause: "Corporations without banking powers or privileges may be formed under general laws, but shall not be created by special act, except for municipal purposes, and in cases where, in the judgment of the legislature, the objects of the corporation cannot be attained under general laws. All general laws or special acts enacted under the provisions of this section may be altered or repealed by the legislature at any time after their passage." Const. Wis. art. 11, § 1.